# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-40020-HLT |
| | ) | |
| RYAN HAWLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on non-party CoreCivic Leavenworth Detention Center's ("CoreCivic") Motion to Quash Subpoena Duces Tecum. (ECF No. 34.) For the reasons discussed below, CoreCivic's motion is denied.

## I. BACKGROUND

On March 6, 2019, defendant Ryan Hawley was indicted with one charge of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On July 9, 2019, an information was filed amending this charge; Mr. Hawley waived indictment and pleaded guilty to this amended charge. The court has not yet scheduled his sentencing hearing.

On September 12, 2019, Mr. Hawley filed a Motion for Production of Documents and Objects Pursuant to Federal Rules of Criminal Procedure 17(b) and (c). (ECF No. 30.) The motion requested that the court issue a subpoena to CoreCivic for the following materials:

(1) Video showing the interior of M Pod on September 2, 2019;

(2) Videos showing the interiors of all segregation cells on September 2, 2019;

(3) All disciplinary records for inmate Ryan Hawley (Reg. No. 23595-031);

> (4) All records and reports related to, describing, or relevant to an assault on Ryan Hawley in the segregation unit of CCA Leavenworth (rebranded as CoreCivic).

(*Id.* at 1-2.) Mr. Hawley contended that these materials relate to an instance where he was harmed in custody and are "directly relevant to sentencing in this matter, as the intensity of punishment (including the conditions of confinement) is as relevant as its length." (*Id.* at 2.)

The presiding U.S. District Judge Holly L. Teeter granted Mr. Hawley's motion, finding his subpoena request met the relevance, materiality, and specificity thresholds required under Rule 17(c) and *United States v. Nixon*, 418 U.S. 683 (1974). (ECF No. 31), at 1.) A subpoena was issued that requires CoreCivic to produce the materials sought. (*See id.* at 2.) The court directed CoreCivic to comply with the subpoena on or before September 26, 2019. (*Id.*)

On September 24, 2019, CoreCivic filed a motion to quash the subpoena. (ECF No. 34.) CoreCivic's motion argues that Mr. Hawley's subpoena seeks information that is not relevant or necessary to prepare an adequate defense. (*Id.* at 2-3.) CoreCivic also contends that Mr. Hawley's requests are not sufficiently specific, and that he is engaging in an improper fishing expedition designed to gather information that supports civil claims he may have against CoreCivic relating to the conditions of his confinement. (*See id.* at 3-4.)

## II. SUBPOENAS IN CRIMINAL CASES

Federal Rule of Criminal Procedure 17(c) governs document subpoenas in criminal cases. It generally provides that:

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

FED. R. CRIM. P. 17(c)(1). Rule 17(c) subpoenas are "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698. Instead, they are a tool to expedite criminal proceedings "by providing a time and place before trial for the inspection of subpoenaed materials." *Id.* at 698-99. They also may be used to obtain documents necessary to prepare for post-trial motions or sentencing. *See United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981); *see also United States v. Krane*, 625 F.3d 568, 573 (9th Cir. 2010). An indigent defendant may apply to the court for issuance of a document subpoena where the information sought is necessary "for an adequate defense." *See* FED. R. CRIM. P. 17(b); *see also United States v. Daniels*, 194 F.R.D. 699, 700 (D. Kan. 2000) (noting that a defendant may make "an ex parte application for a subpoena duces tecum seeking pretrial production of documents").

In deciding whether to grant a Rule 17(c) subpoena application, the court looks to whether the defendant has "clear[ed] three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700. More specifically, a party seeking documents must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* at 699-700; *see also Winner*, 641 F.2d at 833 (adapting *Nixon* to documents sought to prepare for post-trial motions or sentencing). The court may quash a document subpoena if "compliance would be unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2). To determine if the burden of compliance rises to this level, the court re-examines the *Nixon* standard. *See United States v. Beckford*, 964 F. Supp. 1010, 1028 (E.D. Va. 1997).

**III.     ANALYSIS**

CoreCivic argues that Mr. Hawley has not cleared the *Nixon* hurdles. Judge Teeter, however, already found that "Mr. Hawley's request for subpoena meets the [*Nixon*] relevance, materiality, and specificity requirements." (ECF No. 31, at 1.) CoreCivic has not raised any new facts that would warrant the undersigned disturbing this determination by the presiding district judge. The court will nevertheless address CoreCivic's arguments.

**A.     Relevance**

CoreCivic primarily argues that Mr. Hawley has not articulated why the information he seeks is relevant and "necessary to prepare for a defense at an unscheduled sentencing hearing." (ECF No. 34, at 4.) Mr. Hawley's motion, however, explained that he seeks information relating to incidents where he was attacked by another inmate on September 2, 2019. (*See* ECF No. 30, at 1-2.) He contends that one attack occurred after he was handcuffed and placed in a segregation cell with the other inmate who was not restrained. (*Id.* at 2-3.) Mr. Hawley argues that information relating to the attacks is "directly relevant to sentencing in this matter, as the intensity of punishment (including the conditions of confinement) is as relevant as its length." (*Id.* at 2.)

Some courts have recognized that "pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures" under the federal sentencing guidelines. *See United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015). Mr. Hawley is not precluded from arguing that his conditions of confinement at CoreCivic should be considered during his sentencing. And the fact that Mr. Hawley's sentencing hearing has not yet been scheduled is not significant. He has pleaded guilty and it is inevitable that a sentencing hearing will be scheduled. Rule 17 allows a party to obtain documents for review *prior* to a sentencing hearing in order to prepare for the hearing. Indeed, the court recently recognized that Mr. Hawley's

counsel is in the midst of this process and is "receiv[ing] and review[ing] foundational records necessary to develop mitigating evidence." (ECF No. 38 (granting a continuance of the status conference to allow defense counsel additional time to develop evidence)). The information Mr. Hawley's subpoena seeks is relevant under *Nixon* and arguably necessary to prepare an adequate defense. So the court will not quash the subpoena on this basis.

### B. Specificity

CoreCivic also argues that Mr. Hawley seeks information that is not specific and is instead an attempt to engage in a fishing expedition designed to "uncover some targeted assault, improper conduct, failure to follow procedure or other indifference that may lead to further [civil] claims for relief by not only [Mr. Hawley] but defendants in other criminal cases." (ECF No. 34, at 4.) "Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface." *United States v. King*, 164 F.R.D. 542, 546 (D. Kan. 1996). Requiring a party seeking documents to establish specificity "ensures that Rule 17(c) subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *United States v. Anderson*, 31 F. Supp. 2d 933, 945 (D. Kan. 1998).

Mr. Hawley's subpoena does not appear to be an improper fishing expedition. As discussed above, he seeks documents in support of arguments he may present at his sentencing hearing. And CoreCivic does not provide any explanation as to why the subpoena is not sufficiently tailored to specific incidents involving Mr. Hawley that occurred on September 2, 2019. "A request will usually be sufficiently specific where it limits documents to a reasonable period of time and states with reasonable precision the subjects to which the documents relate."

*United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. 2008).  Accordingly, the court will not quash the subpoena on this basis, either.

**IV.   CONCLUSION**

For the reasons discussed above, CoreCivic has not established that compliance with Mr. Hawley's subpoena would be unreasonable or oppressive.  CoreCivic's motion is therefore denied.

Accordingly,

**IT IS THEREFORE ORDERED** that non-party CoreCivic Leavenworth Detention Center's Motion to Quash Subpoena Duces Tecum (ECF No. 34) is denied.  CoreCivic shall comply with the subpoena on or before **November 1, 2019**.

**IT IS SO ORDERED.**

Dated October 21, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge